UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WATSON FENTANYL PATCH
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2372


TRANSFER ORDER


**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in 22 actions that involve injuries arising from the use of allegedly defective Watson fentanyl patches move to centralize this litigation in the Northern District of Illinois. This litigation currently consists of 22 actions pending in fifteen districts, as listed on Schedule A.[1]

Watson defendants[2] support centralization of all fentanyl patch litigation, not just the actions against Watson. Watson suggests that we select one of three districts in which no action is pending – the Northern District of Georgia, the District of Kansas or the District of Utah – as the transferee district. Moving plaintiffs take no position on Watson's request to include all fentanyl patch cases, and plaintiff in the Southern District of Indiana *Luke* potential tag-along action does not oppose centralization of all fentanyl patch cases in the Northern District of Illinois. Manufacturers of non-Watson fentanyl patches, the ALZA defendants[3] and the Mylan defendants,[4] oppose centralization of their actions alongside actions brought against Watson. Finally, defendant St. Elizabeth Medical Center, Inc., in the Eastern District of Kentucky *King* action opposes inclusion of that action in any MDL.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are wrongful death or survivor actions sharing factual questions concerning

---

[1] The Panel has been notified of five potentially related actions filed in various districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Watson Pharmaceuticals, Inc.; Watson Pharma, Inc.; Watson Laboratories, Inc., a Nevada corporation (WLI-Nevada); and Watson Laboratories, Inc., a Delaware corporation (WLI-Delaware) (collectively Watson).

[3] ALZA Corp.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Sandoz Inc.; and Novartis Pharmaceuticals Corp.

[4] Mylan Pharmaceuticals Inc.; Mylan Technologies, Inc.; and Mylan, Inc.

alleged defects in the design, manufacture and marketing of the Watson fentanyl patch. Specifically, plaintiffs contend that the reservoir design of the Watson patch is defective and prone to leakage and that the Watson fentanyl patch the decedent was wearing at the time of his or her death malfunctioned and delivered too much fentanyl, resulting in a lethal overdose. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We will deny Watson's request to centralize all actions involving fentanyl patches irrespective of manufacturer because there are insufficient commonalities among the allegations made against the different defendants. Each group of cases against each manufacturer will involve unique product- and defendant-specific issues (such as the different product designs, manufacturing processes, regulatory histories, and company documents and witnesses) that will overwhelm the few common issues – *i.e.*, postmortem redistribution and the bare fact that all plaintiffs overdosed on fentanyl – that Watson identifies. Centralization of all actions against all manufacturers will add few efficiencies to the resolution of this litigation, especially given that the ALZA and Mylan defendants employ a matrix design on their fentanyl patches – the same design that plaintiffs contend is a safer alternative to the Watson reservoir design. *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, __ F. Supp. 2d __, 2012 WL 432528, at *1 (J.P.M.L. Feb. 9, 2012) (denying centralization of 13 product liability actions involving different plumbing products, stating that "we are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products."). Moreover, centralization could complicate these matters, as defendants may need to erect complicated confidentiality barriers, since they are business competitors.

We will also deny defendant St. Elizabeth's request to exclude the Eastern District of Kentucky action from the centralized proceedings. While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation. *See, e.g., In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007).

The Northern District of Illinois is an appropriate transferee forum for this litigation. This district provides a convenient and accessible forum for this litigation in which actions have been filed throughout the country regarding a product marketed nationwide. Judge Matthew F. Kennelly, an experienced MDL jurist, presides over one of the most procedurally advanced actions. Unlike the judges suggested by Watson, none of whom preside over a pending case involving a Watson fentanyl patch, Judge Kennelly is familiar with the contours of this relatively long-pending litigation, which contains several actions that have been pending over two years. Judge Kennelly thus appears ideally situated to steer this litigation on a prudent course.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed in Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

IN RE: WATSON FENTANYL PATCH
PRODUCTS LIABILITY LITIGATION                     MDL No. 2372

## SCHEDULE A

####### District of Arizona

Amanda Osinga, et al. v. Watson Pharmaceuticals Inc., et al., C.A. No. 4:10-00115
Ernest Taraborelli, et al. v. Watson Pharmaceuticals Inc., et al., C.A. No. 4:11-00121
Linda Vaughn, et al. v. Watson Pharmaceuticals Inc., et al., C.A. No. 4:11-00407

####### Middle District of Florida

Leonard Maxim v. Watson Pharmaceuticals, Inc., et al., C.A. No. 3:10-01154

####### Southern District of Florida

Marjorie Schrager v. Watson Pharmaceuticals, Inc., et al., C.A. No. 9:10-80370

####### Northern District of Illinois

Mary Fraley v. Watson Laboratories, Inc., et al., C.A. No. 1:10-05725
Debra Acree v. Watson Pharmaceuticals Inc., et al., C.A. No. 1:10-07812

####### Eastern District of Kentucky

Jeffrey King, et al. v. Watson Pharmaceuticals, Inc., C.A. No. 2:09-00179

####### District of Maryland

Arthur Drager, et al. v. Watson Pharmaceuticals, Inc., et al., C.A. No. 8:12-00337

####### Western District of Missouri

Gayle Wadsworth v. Watson Pharmaceuticals, Inc. et al., C.A. No. 4:11-00053
Rejeania Moore, et al. v. Watson Phармeceuticals, Inc., et al., C.A. No.5:11-06090

####### Southern District of New York

Kathryn Orwig-Reihl, et al. v. Watson Pharmaceuticals, Inc., et al.,
        C.A. No. 1:10-08869

- A2 -

District of North Dakota

Bryan Kent Gaschk, et al. v. Watson Pharmaceuticals, Inc., et al., C.A. No. 2:11-00024

Southern District of Ohio

Louis Borowicz v. Watson Pharmaceuticals, Inc., et al., C.A. No. 2:11-01161

Northern District of Oklahoma

Melissa Downing, et al. v. Watson Pharmaceuticals, Inc., et al., C.A. No. 4:10-00120

Western District of Oklahoma

Sharon Dennis, et al. v. Watson Pharmaceuticals, Inc., et al., C.A. No. 5:11-00118
Monica Bowers, et al. v. Watson Pharmaceuticals, Inc., et al., C.A.. No. 5:12-00274

Eastern District of Tennessee

Karen Guthrie v. Watson Pharmaceuticals, Inc., et al., C.A. No. 1:11-00109

Middle District of Tennessee

Kazim Mohammed v. Watson Pharmaceuticals, Inc., et al., C.A. No. 3:10-00179
Timothy Tonole v. Watson Pharmaceuticals, Inc., et al., C.A. No. 2:10-02187

Western District of Washington

Timothy Rondeau, et al. v. Watson Laboratories, Inc., et al., C.A. No. 2:11-01714
Joseph LaDuca v. Watson Pharmaceuticals, Inc., et al., C.A. No. 2:11-01999